UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KENNETH KELLY MCCURLEY**, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 22-CV-0471-CVE-CDL |
| | ) |
| **STEVEN HARPE, Director,**[1] | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Kenneth Kelly McCurley presently is in custody of the Oklahoma Department of Corrections under the criminal judgment entered against him in Tulsa County District Court Case No. CF-2009-3368. McCurley claims his custody is unlawful and seeks federal habeas relief, through a 28 U.S.C. § 2254 petition for writ of habeas corpus filed October 24, 2022 (Dkt. # 1). On preliminary screening of the petition, the Court ordered respondent Steven Harpe to file a limited response addressing whether this Court has jurisdiction to adjudicate the petition and, if so, whether the petition should be dismissed as barred by the applicable one-year statute of limitations. Dkt. # 9. Harpe filed a limited response on January 3, 2023 (Dkt. # 14), and McCurley filed a reply on January 17, 2023 (Dkt. # 15). On consideration of the case materials and applicable law, the Court dismisses the petition as an unauthorized second or successive habeas petition.

In February 2012, McCurley pleaded guilty as to one count of second-degree murder and one count of first-degree arson, and the trial court sentenced him to concurrently serve two 35-

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Steven Harpe, the current Director of the Oklahoma Department of Corrections, in place of Scott Crow, the Department's former director. The Clerk of Court shall note this substitution on the record.

year prison sentences.  Dkt. # 1, at 1; Dkt. # 14, at 2.[2]  McCurley did not move to withdraw his pleas or seek direct review of his judgment through an appeal to the Oklahoma Court of Criminal Appeals.  Dkt. # 14, at 2.  His criminal judgment therefore became final on February 13, 2012, ten days after the entry of his guilty pleas.  Id.; see Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006) (discussing Oklahoma law).  Between May 2015 and September 2017, McCurley unsuccessfully sought postconviction relief through state court proceedings.  Dkt. # 14, at 2.

In September 2018, McCurley filed a petition for writ of habeas corpus, under 28 U.S.C. § 2254, seeking federal collateral review of the same state-court judgment he identifies in the petition.  See McCurley v. Crow, No. 18-CV-0429-JHP-JFJ, 2019 WL 3237992, at *1 (N.D. Okla. July 18, 2019) (unpublished).  This court denied the prior habeas petition, with prejudice, as barred by the one-year statute of limitations.  Id. at *9.  As a result, the instant petition is a second or successive petition governed by 28 U.S.C. § 2244(b).  See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of [the petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements.").

Under § 2244(b)(3)(A), a petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive habeas petition in district court.  If the petitioner does not obtain the requisite authorization, the district court does not have jurisdiction to adjudicate any claims raised in the second or successive petition.  See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization.").  McCurley neither alleges nor shows that he obtained permission from the United

---

[2] The Court's citations refer to the CM/ECF header pagination.

2

States Court of Appeals for the Tenth Circuit to file a second or successive petition before he filed the petition. Dkt. ## 1, 15. Instead, he contends that § 2244(b)'s requirements do not apply to him and that his petition is timely. Dkt. # 15, generally. Because the record and the law refute both contentions, the Court concludes that the petition should be dismissed for lack of jurisdiction.[3]

Based on the foregoing, the Court dismisses the instant petition, without prejudice, for lack of jurisdiction. Further, because reasonable jurists would not debate the procedural dismissal of the petition, the Court denies a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (discussing standards for issuance of a certificate of appealability). Lastly, based on the dismissal of the petition, the Court denies as moot McCurley's pending "motion for speedy trial" filed November 28, 2022 (Dkt. # 7).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice**, for lack of jurisdiction;

2. a certificate of appealability is **denied**;

3. the "motion for speedy trial" (Dkt. # 7) is **denied as moot**;

4. the Clerk of Court shall note on the record the substitution of Steven Harpe, Director, in place of Scott Crow as party respondent.

**DATED** this 30th day of March, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3] The Court recognizes that it could transfer this matter to the Tenth Circuit as an alternative to dismissal. See Cline, 531 F.3d at 1252. But, as Harpe contends, that would be a waste of judicial resources because the instant petition, like McCurley's first habeas petition is barred by the statute of limitations. Dkt. # 14, at 10-14.